Ermiati **LASIMIN; Hilton Morris Tjhai, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76412.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Kathleen S. Koh, Esquire, Law Office of Kathleen Koh, Whittier, CA, for Petitioners.

John Blakeley, Trial, Margaret Anne O'Donnell, Trial, OIL, Emily Anne Radford, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of The District Counsel Department Of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, THOMAS, Circuit Judges.

## MEMORANDUM **

Ermiati Lasimin and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that petitioners experiences in Indonesia do not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Substantial evidence also supports the agency's finding that petitioners failed to demonstrate a well-founded fear of future persecution because their similarly situated family members have remained in Indonesia without harm. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Further, they fail to demonstrate the requisite level of individualized risk under a disfavored group analysis. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). And, the record does not compel the conclusion that petitioners established a pattern or practice of persecution against ethnic Chinese Buddhists in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc). Accordingly, petitioners failed to establish eligibility for asylum.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of petitioners' CAT claim because they have not demonstrated that it is more likely than not that they will be tortured if they return to Indonesia. *See Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.